**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**PETER MENGEL,**

    **Plaintiff**,                                    Case No. 17-cv-11855

  v.                                           District Judge George Caram Steeh

**JAMES KING,**                         Magistrate Judge Mona K. Majzoub

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

At all times relevant to the Complaint, Plaintiff Peter Mengel was incarcerated at the Central Michigan Correctional Facility ("STF") in the custody of the Michigan Department of Corrections ("MDOC"). (Docket no. 1.) On June 9, 2017, Plaintiff filed this *pro se* action alleging deprivation of rights guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution and seeking damages under 42 USC § 1983. (*Id.* at 1-2.) This matter comes before the court on a Motion for Summary Judgment filed by Defendant James King, a programs teacher with the MDOC. (Docket no. 10.) This matter has been referred to the undersigned for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 7.) The undersigned has reviewed the pleadings and dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I. RECCOMENDATION**

For the reasons that follow, it is recommended that Defendant's Motion for Summary Judgment (docket no. 10) be **GRANTED** and that this matter be dismissed.

## II. REPORT

### A. Background

While incarcerated at STF, Plaintiff was enrolled in an MDOC-mandated class called "Bridges." (Docket no. 1 at 2.) Defendant, a programs teacher at STF, was the instructor of Plaintiff's Bridges class. (*Id*.) Plaintiff alleges that on March 9, 2017, he asked Defendant for a tutor and that Defendant responded by naming two individuals and suggesting that Plaintiff perform a sexual act on them. (*Id*. at 3.) Plaintiff alleges that Defendant's statement violated the Prison Rape Elimination Act ("PREA"), 42 U.S.C. § 15602(1). (*Id*.) Plaintiff further alleges that after refusing to do what Defendant instructed him to do, he was subjected to acts of retaliation including being transferred to a different class, having to redo all of the materials and repeat various classes, and being reported negatively to the Parole Board. (*Id*. at 3-4.)

Plaintiff filed the present Complaint alleging that Defendant's statements caused him emotional and monetary damages. (*Id*.) Defendant filed a Motion for Summary Judgment under Fed. R. Civ. P. 56(a), contending that Plaintiff failed to exhaust the administrative remedies available under the MDOC's grievance procedure as required by 42 U.S.C. § 1997e(a). (Docket no. 10.)

### B. Standard of Review

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Docket no. 10). Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Rule 56 provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915. A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

In responding to a motion for summary judgment based on failure to exhaust available administrative remedies, it is not the prisoner's burden to plead or prove that he has successfully done so. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Rather, failure to exhaust administrative remedies is an affirmative defense, *Jones*, 549 U.S. at 216, and the defendant carries the burden of persuasion on the issue, *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012). "In cases where the party moving for summary judgment also bears the burden of persuasion at trial, the party's 'initial summary judgment burden is higher in that it must show that the record contains evidence

satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Surles*, 678 F.3d at 455–56 (quoting *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001)). In such cases, "[s]ummary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Id.* (citing *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)).

**C. Analysis**

Defendant asserts that Plaintiff failed to exhaust his administrative remedies because: (1) Plaintiff filed the present lawsuit before receiving a response at Step III of the grievance procedure, (2) Plaintiff's grievance was untimely at Step I, and (3) Plaintiff's grievance does not cover the same incidents alleged in Plaintiff's Complaint. (Docket no. 10, p. 14.)

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust all administrative remedies before filing a Section 1983 action. Specifically, the statute provides that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and requires a prisoner to comply with state procedural rules such as time limits for filing grievances and other critical procedural rules. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Woodford*, 548 U.S. at 90 (citation omitted).

The MDOC's administrative policies state that complaints filed by prisoners "serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process in compliance with this policy." MDOC Policy Directive 03.02.130(B).

4

The grievance procedure outlined in Policy Directive 03.02.130 applies to complaints of "Prohibited Sexual Conduct Involving Prisoners" as described by Policy Directive 03.03.140. *Id.*

A prisoner must file a Step I grievance within five days of attempting to informally resolve the grievable issue with prison staff. MDOC Policy Directive 03.02.130(V). If the prisoner is dissatisfied with the Step I response, or if he did not receive a timely response, he may file an appeal, referred to as a Step II grievance. MDOC Policy Directive 03.02.130(BB). If a prisoner is dissatisfied with the Step II response, the prisoner "must send a completed Step III grievance . . . to the Grievance and Appeals Section within ten business days after receiving the Step II response or, if no response was received, within ten business days after the date the response was due . . . ." MDOC Policy Directive 03.02.130(FF). A prisoner's administrative remedies are exhausted once his complaints have been grieved "through all three steps of the grievance process in compliance with [the] policy." MDOC Policy Directive 03.02.130(B). "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved in writing." MDOC Policy Directive 03.02.130(S).

In support of his Motion for Summary Judgment, Defendant submits Plaintiff's Step III Grievance Report, which indicates that Plaintiff filed a Step I grievance on April 12, 2017 (STF-17-04-0349-28B), appealed the rejection of that grievance to Step II on May 2, 2017, and further appealed to Step III on May 25, 2017. (Docket no. 10-1, pp. 11-18.) As Defendant observes, Plaintiff filed the present Complaint (dated May 24, 2017, received June 9, 2017) before the MDOC mailed its response to his Step III grievance on June 14, 2017. (*Id*. at 12). As set forth above, "the total grievance process" runs "from the point of filing a Step I grievance to [the

5

MDOC] providing a Step III response." MDOC Policy Directive 03.02.130(S). Accordingly, Plaintiff failed to exhaust his administrative remedies under Policy Directive 03.02.130.

The undersigned observes that Plaintiff's Step II grievance refers to a "PREA complaint" filed against King. (Docket no. 10-1, p. 15.) It is unclear whether Plaintiff is describing a separate grievance filed under Policy Directive 03.03.140, "Prohibited Sexual Conduct Involving Prisoners." However, regardless of whether Plaintiff filed a separate grievance under Policy Directive 03.03.14, "[c]omplaints filed by a prisoner regarding conduct prohibited by [Policy Directive 03.03.14] shall serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all steps of the grievance process in compliance with PD 03.02.130 'Prisoner/Parolee Grievances.'" MDOC Policy Directive 03.03.140(Z) (effective date 9/15/2015). Thus, any grievance that could serve to exhaust Plaintiff's administrative remedies would appear on the Step III grievance report filed by Defendant. The Step III grievance report submitted by Defendant shows that since the date of the alleged incident Plaintiff filed only the grievance discussed above (STF-17-04-0349-28B).

Defendant also contends that Plaintiff failed to timely file his Step I grievance, and that that grievance (STF-17-04-0349-28B) omits reference to the alleged sexual harassment by Defendant. (Docket no. 10, p. 14.) However, the Court need not reach these arguments because, as set forth above, Plaintiff filed his Complaint before the MDOC mailed its response to Plaintiff's Step III grievance.

### D. Conclusion

For the reasons stated herein, it is recommended that the court **GRANT** Defendant's Motion for Summary Judgment (docket no. 10) and that this matter be dismissed.

**III. NOTICE TO PARTIES REFARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: July 31, 2018            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated: July 31, 2018          s/ Leanne Hosking
                                             Case Manager